UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ELECTRO-MECH, INC.                                                                                      PLAINTIFF

V.                                                                              CAUSE NO. 3:18-cv-17-WHB-JCG

BECK & POLLITZER DEUTSCHLAND GmbH and
NORTH AMERICAN SPECIALTY INSURANCE COMPANY                    DEFENDANTS

## COMPLAINT

### Jury Trial Demanded

Plaintiff, Electro-Mech, Inc., files this Complaint for breach of contract and to enforce their statutory lien rights against Defendants, Beck & Pollitzer Deutschland GmbH and North American Specialty Insurance Company, as follows:

### Parties

1.      Plaintiff, Electro-Mech, Inc. ("EMI"), is a Mississippi corporation located in Rankin County Mississippi.

2.      Defendant, Beck & Pollitzer Deutschland GmbH ("B&P"), is a German company that may be served with process pursuant to Fed. R. Civ. P. 4(f) and (h)(2) by such means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents at its address at Hängebank 13, 45307 Essen, Germany. Pursuant to *Miss. Code Ann*. §13-3-57, B&P, as a nonresident not qualified under the laws of Mississippi to do business in Mississippi, who made a contract with a Mississippi resident that was performed in whole or in part in this state and conducted business and performed work and services in Mississippi, is, by such acts, deemed to be doing business in Mississippi and thereby subjected itself to the jurisdiction of the courts of Mississippi.

3.	Defendant, North American Specialty Insurance Company, is a New Hampshire insurance company registered with the Mississippi Insurance Department and may be served with process upon its registered agent, Michael S. Allred, 1911 Dunbarton St., Jackson, MS 39216.

## Jurisdiction and Venue

4.	This Court has jurisdiction per 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00 and the parties are citizens of different states.

5.	Venue is proper in this Court per 28 U.S.C. § 1391(b)(2) because the work was performed in Rankin County.

## Facts

6.	On or about March 2016, B&P contracted with EMI on a time and materials basis to dismantle machinery at a Reckitt Benckiser plant in Brandon, MS and relocate the machinery to a Reckitt Benckiser plant in Missouri (the "Project").

7.	EMI performed its contractual obligations for B&P in accordance with the parties agreed to terms and in a good and workmanlike manner. EMI is owed an outstanding balance of $285,698.20 on the Project.

## Count I - Breach of Contract

8.	EMI re-alleges the allegations of paragraphs 1-7.

9.	EMI performed its work on the Project in accordance with the terms of its contract with B&P.

10.	B&P accepted and used EMI's labor and materials knowing that compensation was expected.

11.	B&P has failed and refused to pay EMI the outstanding balance of $285,698.20 despite demand.

12. B&P's failure and refusal to pay EMI the outstanding balance of $285,698.20 is a breach of the contract.

13. Accordingly, as a direct and proximate result of B&P's breach of contract, EMI has been damaged in the amount of the outstanding balance of $285,698.20 plus interest thereon from the date due until paid at the maximum rate permitted by law.

WHEREFORE, EMI prays for the relief set forth below.

### Count II – Breach of Duty of Good Faith and Fair Dealing

14. EMI re-alleges the allegations of paragraphs 1-13.

15. B&P owes EMI a duty of good faith and fair dealing in all matters connected with the contract.

16. B&P's failure and refusal to pay for EMI's labor and materials is a bad faith breach of the contract violating the standards of decency, fairness, and reasonableness, and as such, constitutes a breach of the duty of good faith and fair dealing.

17. As a direct and proximate result of B&P's breach of the duty of good faith and fair dealing, EMI has suffered damages in an amount to be proven at trial.

### Count III – Quantum Meruit

18. EMI re-alleges the allegations of paragraphs 1-17.

19. In the alternative to Count I, since EMI provided and B&P accepted EMI's valuable labor and materials, and since EMI incurred the reasonable and necessary costs to provide the requested labor and materials at the direction of B&P and with the knowledge of B&P that the labor and materials were being provided and costs being incurred by EMI with the expectation that EMI would be paid, EMI is entitled to recover the reasonable value of its labor and materials in the total amount of $285,698.20 under the doctrine of quantum meruit.

### Count IV – Enforcement of Construction Lien

20. EMI re-alleges the allegations of paragraphs 1-19.

21. When B&P failed to pay for EMI's labor and materials, EMI filed Notices of Construction Liens against Reckitt Benckiser's Rankin County property on July 24 and 25, 2017 pursuant to *Miss. Code Ann.* § 85-7-401, et seq.

22. B&P bonded off EMI's lien with a Bond to Release Mechanic's Lien issued by North American Specialty Insurance Company per *Miss. Code Ann.* § 85-7-415. Ex. "A," Bond. The Bond obligates B&P and North American Specialty Insurance Company to pay the outstanding balance of $285,698.20 plus attorney's fees per *Miss. Code Ann.* § 85-7-405(3)(c) and interest.

### Count V – Prompt Payment Penalties

23. EMI re-alleges the allegations of paragraphs 1-22.

24. Section 87-7-5 of the Mississippi Code requires that when a contractor receives any payment from the owner under a construction contract, the contractor shall, upon receipt of that payment, pay each subcontractor in proportion to the percentage of work completed by each subcontractor. If the contractor without reasonable cause fails to pay his subcontractors within fifteen (15) days after receipt of payment, the contractor shall pay his subcontractors, in addition to the payment due them, a penalty in the amount of one-half of one percent per day of the delinquency. The total penalty shall not exceed fifteen (15%) of the outstanding balance due.

25. EMI is entitled to prompt payment penalties per *Miss. Code Ann.* § 87-7-5 for any and all payments received by B&P that have been withheld from EMI in violation of *Miss. Code Ann.* § 87-7-5, if any.

WHEREFORE, EMI prays for the relief set forth below.

WHEREFORE, Electro-Mech, Inc., demands judgment of and from Beck & Pollitzer Deutschland GmbH and North American Specialty Insurance Company in the principal amount of $285,698.20, together with pre-judgment interest in the amount to be shown at the trial of this action, post-judgment interest as provided by law, reasonable attorney's fees and expenses incurred per *Miss. Code Ann.* § 85-7-405(3)(c), and all costs in an amount to be shown at the trial of this action. Electro-Mech, Inc. further requests such other and additional relief that they may be entitled to.

This the 8th day of January, 2018.

                Respectfully submitted,

                ELECTRO-MECH, INC.

                By its attorneys,

                MOCKBEE HALL & DRAKE, P.A.

            By: /s/ Alexander F. Guidry
                  ALEXANDER F. GUIDRY, MSB #101908

MOCKBEE HALL & DRAKE, P.A.
125 S. Congress Street, Suite 1820
Jackson, MS  39201
Tel: (601) 353-0035
Fax: (601) 353-0045
Email: aguidry@mhdlaw.com